**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-60466
Summary Calendar

FRANK O'BRIEN,

Plaintiff-Appellee,

VERSUS

WAL-MART STORES INC.,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Mississippi
(5:95-CV-26-Br-S)
December 23, 1996

Before SMITH, DUHÉ and BARKSDALE, Circuit Judges.

PER CURIAM:[1]

Wal-Mart Inc. appeals the adverse judgment against it entered by the district court pursuant to the jury's verdict in this slip and fall case. Wal-Mart assigns three errors: (1) Exclusion of evidence that Plaintiff failed to disclose prior related litigation in answers to interrogatories; (2) refusal to give part of a charge requested by Wal-Mart; (3) insufficiency of the evidence to support

---

[1]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

the amount of damages awarded by the jury.  We affirm.

In answers to interrogatories Plaintiff failed to identify the suit entitled State Life Insurance Co. v. O'Brien in which O'Brien sought disability benefits resulting from injuries sustained in the fall at Wal-Mart, and in which the court had found that O'Brien had engaged in a scheme to defraud the insurance company by over insuring himself to gain a profit.  The parties do not make clear whether Wal-Mart wished only to cross examine O'Brien about why he had not declared this suit, or whether it also wanted to get before the jury the court's finding in that suit.  The record indicates both.  Wal-Mart's counsel admitted no prejudice from the failure to disclose (because he became aware of the matter through other means) and the district court ruled that the order and reasons in that case were not material to the instant trial.  We see no abuse of discretion.

Wal-Mart argues that the court's instruction to the jury did not permit the jury to find that the accident may have been entirely the fault of Plaintiff.  Technically, the instruction can be read that way.  However, Appellant did not object to the comparative negligence instruction given by the court (and indeed it was a correct instruction) and, in the charge objected to, the court was obviously trying to  allow for the fact that Mississippi has done away with the "open and obvious" defense. We also note that the jury did not assign any negligence at all to the Plaintiff.  The error in the instruction, if any, was therefore

2

harmless.

Finally, Appellant's contention that the damage award is excessive is without merit.  The record fully supports the amount awarded.  The fact that the verdict was general does not change that result.

AFFIRMED.

3